UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    LIZMAR E. ROSARIO,    :    Chapter 13
:
Debtor    :    Bky. No. 16-14694 ELF

# O R D E R

AND NOW, WHEREAS:

A. This court held a hearing on **August 11, 2016** on Debtor Lizmar A. Rosario's Motion for Turnover and for Damages and for Sanctions for Violation of the Automatic Stay.

B. Respondents South Philly Auto Sales, Inc. ("South Philly Auto") and its representative Chris Bean, a/k/a Chris Jones ("Bean")[1] failed to appear at the **August 11, 2016** hearing.

C. Based on the evidence presented at the hearing and by Order dated **August 11, 2016**, the court ordered South Philly Auto and Bean to return a certain 2012 Nissan Quest automobile ("the Automobile") to the Debtor immediately and to appear at a further hearing to be held on **August 15, 2016**.

D. South Philly Auto and Bean were served with a copy of the court's **August 11, 2016** Order on 5:35 p.m. on **August 11, 2016** (See Doc. # 25).

E. The court held a hearing on **August 15, 2016**, at which several witnesses, including Bean, testified.

F. Based on the evidence presented on **August 11 and 15, 2016**, the court finds

(1) South Philly Auto and Bean received notice of the court's **August 11, 2016** Order.

---

[1] At the hearing held on **August 15, 2016**, Bean testified that his real name is Chris Bean, but that he uses the name "Chris Jones" at work.

-1-

    (2) After receipt of the **August 11, 2016** Order**,** South Philly Auto and Bean failed to return the Automobile to the Debtor.

    (3) At all relevant times, Bean has had sufficient business authority to direct South Philly Auto staff to return the Automobile to the Debtor.

    (4) After receiving notice of the court's **August 11, 2016** Order, South Philly Auto knowingly and voluntarily failed to comply with the Order.

    It is therefore **ORDERED** that:

1. South Philly Auto and Bean are held **IN CONTEMPT** of the court's Order dated **August 11, 2016**.

2. As a civil contempt remedy, the United States Marshall Service shall **ARREST** Bean, and hold him in custody until such time as the Automobile has been delivered to the Debtor and is in her possession.

3. As a civil contempt remedy, South Philly Auto is **SANCTIONED** monetarily, at the rate of **$5,000.00** per day, commencing at **8:00 a.m. on August 16, 2016** and continuing until such time as the Automobile has been delivered to the Debtor and is in her possession.

4. Nothing in this Order limits any additional remedies that may be available to the Debtor for the violation of the automatic stay, 11 U.S.C. §362(a), and this court's order dated **August 11, 2016**.

5. The Debtor shall serve this Order on South Philly Auto on **August 15, 2016**.

6. **On or before September 9, 2016**, the Debtor shall file, and serve upon South Philly Auto and Bean, a notice setting forth all additional remedies the Debtor seeks in connection with

the violation of the automatic stay, 11 U.S.C. §362(a), and this court's order dated **August 11, 2016**.

7. A hearing to consider any additional remedies requested by the Debtor is **SCHEDULED** on **September 22, 2016, at 1:00 p.m., in Bankruptcy Courtroom No. 1, 2d floor, U.S. Courthouse, 900 Market Street, Philadelphia, PA.**

Date:  August 15, 2016

                                  **ERIC L. FRANK**
                                  **U.S. BANKRUPTCY JUDGE**