**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:     **LIZMAR E. ROSARIO,** | : | Chapter 13 |
| | : | |
| Debtor. | : | Bky. No. 16-14694 ELF |

# O R D E R

AND NOW, WHEREAS:

A. On **August 15, 2016**, following an evidentiary hearing, this court entered an order ("the Prior Order") (Doc. # 28) in which the court, inter alia, held South Philly Auto Sales, Inc. ("South Philly Auto") in **CONTEMPT OF COURT** for violation of the automatic stay, 11 U.S.C. §362(a) and the court's Order dated **August 11, 2016**, (Doc. # 23).

B. The Prior Order granted the Debtor certain civil contempt remedies and, in Paragraph 7, scheduled a hearing on **September 22, 2016** to consider the award of additional civil contempt remedies.

C. Pursuant to Paragraph 9 of the Prior Order, gave South Philly Auto notice of the additional remedies requested and the hearing scheduled on **September 22, 2016**.

D. The court held a hearing on **September 22, 2016**, at which time South Philly Auto failed to appear.

E. Based on the evidence presented at the **September 22, 2016** hearing, the court finds that the Debtor is entitled to additional remedies in the form of compensatory damages and an award of counsel fees.  See, e.g., In re Meyers, 344 B.R. 61, 66 (Bankr. E.D. Pa. 2006) (upon a finding of civil contempt, a bankruptcy court has the power to issue sanctions such as costs, compensatory damages and attorneys' fees) (citing cases); see also Quinter v. Volkswagen of

-1-

Am., 676 F.2d 969, 974-75 (3d Cir. 1982).

F. Compensatory damages for contempt may include an award of damages for emotional distress. See In re Manzanares, 345 B.R. 773, 794–95 (Bankr. S.D. Fla. 2006); In re Feldmeier, 335 B.R. 807, 814 (Bankr. D. Or. 2005); In re Reno, 299 B.R. 823, 829–30 (Bankr. N.D. Tex. 2003); see also Meyers, 344 B.R. at 66-67.

    It is therefore **ORDERED** that:

1. As a remedy for civil contempt, the Debtor is awarded compensatory damages against South Philly Auto in the amount of **$12,362.49** ("the Damages Award").[1]

2. As a remedy for civil contempt, the Debtor is awarded counsel fees in the amount of **$5,164.20** ("the Fee Award").[2]

---

[1] Following the format (roughly) of the Debtor's itemization filed with the court on **September 9, 2016** (Doc. # 35), I find the Debtor is entitled to an award for the following categories of compensatory damages:

| | |
|---|---:|
| school loan reimbursement | $4,345.00 |
| cash benefit repayment obligation | 206.00 |
| transportation expenses incurred | 213.00 |
| medical expense incurred | 545.00 |
| emotional distress damages | 5,000.00 |
| repairs to repossessed automobile | 2,053.49 |
| **TOTAL** | **$12,362.49** |

I have not included in the award $4,465.00 for an asserted repayment obligation for child care benefits previously provided to the Debtor. The Debtor failed to meet her burden of proof on this claimed damages component.

[2] The Fee Award is based on the itemization the Debtor's counsel filed with the court, (Doc. # 36), that was made part of the evidentiary record on **September 22, 2016**.

3. To enforce the Damages Award, the Debtor may:

    a. set off the Damages Award against her secured indebtedness to South Philly Auto; and/or;

    b. reduce the Damages Award to a money judgment by filing a request that the Clerk enter a money judgment in favor of the Debtor and against South Philly Auto.

4. South Philly Auto shall satisfy the Fee Award **on or before October 28, 2016**.

5. Failure to comply with Paragraph 4 may result in additional sanctions, including additional attorney's fees.

6. The Debtor shall serve this Order on South Philly Auto **on or before September 30, 2016** and promptly thereafter file a Certification of Service.

**Date: September 26, 2016**

　　　　　　　　　　　　　　　　　　　**ERIC L. FRANK**
　　　　　　　　　　　　　　　　　　　**CHIEF U.S. BANKRUPTCY JUDGE**